IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANTAY DIXON and KIMBERLY WILLIAMS, Individually and on Behalf of All Those Similarly Situated, | § § § § | |
| Plaintiffs, | § § § | Civil Action No. 3:13-cv-0103 |
| v. | § § | |
| ONE TO ONE STAFFING INC., MICHELLE R. MORRIS, and BETTY S. GASTON | § § § | FLSA Collective Action Jury Demanded |
| Defendants. | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Shantay Dixon and Kimberly Williams on behalf of themselves and all others similarly situated ("Plaintiffs" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and show as follows:

### I.   NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by paying its hourly-paid, continuous care LVN's straight time pay for overtime hours worked thereby failing to pay those workers at time-and-one-half

their regular rates of pay for all hours worked within a workweek in excess of forty hours. Plaintiffs brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     PARTIES

3.     Plaintiff Shantay Dixon is an individual who resides in Grand Prairie, Texas and was employed by Defendants within the meaning of the FLSA. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A".

4.     Plaintiff Kimberly Williams is an individual who was employed in this judicial district by Defendants within the meaning of the FLSA. She hereby consents to be a party in this action and her consent form is attached as "Exhibit B".

5.     The Plaintiffs and "Class Members" are Defendants' current and former Licensed Vocational Nurses ("LVNs") who were paid on an hourly basis for providing medical and LVN services to Defendants' clients.

6.     Defendant One to One Staffing, Inc. is a Texas corporation. One to One Staffing, Inc. can be served with process through its registered agent, Michelle R. Morris, 13200 Taylor Frances Lane, Haslet, Texas 76052.

7.     Defendant Michelle R. Morris is an individual who may be served with process at 13200 Taylor Frances Lane, Haslet, Texas 76052, or wherever she may be found.

8.     Defendant Betty S. Gaston is an individual who may be served with process at 13200 Taylor Frances Lane, Haslet, Texas 76052, or wherever she may be found.

## III.     JURISDICTION AND VENUE

9.     This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law.

10. Venue is proper in the Northern District of Texas because Plaintiff Dixon resides in this District, some of the events forming the basis of the suit occurred in this District, and Defendants are located here.

## IV. COVERAGE

11. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and the Class Members.

12. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

16.    Defendant One to One Staffing, Inc. is a corporation that provides hospice services to its clients wherever those clients are located, including hospice facilities, nursing homes, and other patient facilities or patient homes. One to One Staffing has an annual gross volume of sales or business done in excess of $500,000 and is involved in interstate commerce.

17.    Individual Defendants, Michelle Morris and Betty Gaston are or were the owners and operators of the corporate during the actionable period. They engaged in overseeing the day-to-day operations of the company and were involved in establishing, implementing or approving the pay practices which result in the FLSA violations alleged herein.

18.    Plaintiffs are continuous care LVNs who were employed by Defendants to provide hospice services to individuals at their residences or other places those clients were located, including nursing homes and hospice facilities. Plaintiffs worked for Defendants within the three years prior to the filing of this lawsuit.

19.    Plaintiffs and the Class Members were paid on an hourly basis, but were not properly compensated for hours worked in excess of 40 in a workweek. Plaintiffs and the Class Members routinely worked in excess of 40 hours per week, but were not paid time-and-one-half their regular rates of pay for hours in excess of 40 hours per week. Instead, Plaintiffs and Class Members were paid a straight hourly rate for their work hours, even if those hours exceeded 40 per week. In short, Plaintiffs and the Class Members were paid straight time pay for overtime work.

20.    During the three year period prior to this suit, Defendants have employed other individuals as LVNs who performed the same or similar job duties under the same or similar pay provisions as Plaintiffs, and who were also denied overtime compensation in the same manner as Plaintiffs.

21. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the Class Members. Defendants' management and the individual Defendants were aware they were failing to comply with the FLSA and continued to operate in an illegal manner despite this knowledge.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Plaintiffs and the Class Members performed the same or similar job duties as one another in that they worked as hourly-paid LVNs providing hospice care services to individuals in their homes and other locations. Further, Plaintiffs and Class Members were subjected to the same pay provisions in that they were paid on an hourly basis and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Rather they were paid straight time pay for all hours worked in excess of 40 per week. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiffs.

23. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying the Class Members on an hourly basis for all hours worked and failing to pay time-and-a-half for all hours worked in excess of 40 in a workweek. This policy or practice is/was applicable to Plaintiffs and the Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applied to all Class Members.

24. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the Class Members.

## VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

26. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit); and

    b. For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys fees; and

    d. For and Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**
*Attorney in Charge*
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFFS**